UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ROADWAY ENGINEERING WORKS, INC., a California corporation, individually and doing business as ROADWAY ELECTRICAL WORKS, INC.; DARLENE CODDINGTON, an individual; RANDY MORISOLI, an individual; MARLENE MCDEVITT, an individual; and ROBERT MCDEVITT, an individual,<br><br>    Defendants. | CASE NO.: 1:16-CV-00070-WBS-SKO<br><br>**TEMPORARY RESTRAINING ORDER**<br><br>BEFORE THE HONORABLE SENIOR JUDGE WILLIAM R. SHUBB<br><br>Hearing on Motion for Preliminary Injunction:  March 7, 2016<br>Courtroom: 5<br>Time:  1:30 pm |

    After reviewing plaintiff Great American Insurance Company's ex parte application for a Temporary Restraining Order and considering the  declarations and points and authorities in support thereof and arguments at the hearing, the court finds that immediate and  irreparable  injury,  loss,  or  damage  will  result  to  plaintiff  before defendants may be heard in opposition.  The court therefore makes the following findings and orders pursuant to Federal Rule of Civil Procedure 65(b).

For purposes of this Order, the term "Collateral" means the inventory, equipment, accounts, chattel paper, instruments, letter of credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance of general intangibles, and all products and proceeds thereof.  The term "Collateral Records" means all records and data relating to any of the Collateral, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Roadway Engineering Works, Inc.'s ("Roadway") right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media owned and operated by Roadway.

The court finds that the following facts give rise to irreparable injury in the absence of the issuance of this Order.  Plaintiff has been granted authority to examine and copy the books, records, and accounts of defendants and each of them under the Tenth Paragraph of the Agreement of Indemnity each of them signed to plaintiff.  Despite demands for access and defendants' contractual obligation to provide plaintiff with such access to the Collateral Records, such access has not been granted and plaintiff has learned that Roadway has ceased doing business.  As long as plaintiff is refused access to the Collateral Records and there is a risk that the Collateral Records are not being preserved, plaintiff lacks the ability to mitigate its losses on the bonds issued for Roadway as principal because its analysis of claims is being limited to the information provided by claimants on the bonds.  The court therefore finds there is a danger that immediate and irreparable injury or loss or damage to the Collateral Records will result if defendants, and each of them, are not immediately enjoined from, among other things, hiding, concealing, transferring, disposing of, or destroying the Collateral Records.

IT IS HEREBY ORDERED that defendants Roadway Engineering Works, Inc., individually and doing business as Roadway Electrical Works, Inc.; Darlene Coddington, an individual; Randy Morisoli, an individual; Marlene McDevitt, an individual; and Robert McDevitt, an individual (collectively "defendants"), and each of them, and their agents, servants, directors, officers, affiliates, employees, attorneys,

representatives, and all other persons and entities who are successors in interest to or who are acting in concert or participating with them, or any of them, are hereby restrained and enjoined from engaging in or performing, directly or indirectly, any of the following acts:

a.      expending, disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in, encumbering, concealing or in any manner whatsoever disposing of the whole or any part of the Collateral Records;

b.      disposing, assigning, secreting or in any other way diverting, using or making unavailable to the plaintiff, the Collateral Records, or any of the issues and proceeds thereof;

c.      doing any act which will, or which will tend to, impair, defect, divert, prevent or prejudice the preservation of the Collateral Records, in whatever form the interest is held or used as of this date;

d.      destroying, concealing, transferring or failing to preserve any document which evidences, reflects, or pertains to the Collateral Records or any part thereof;

e.      committing or permitting any waste of the Collateral Records, or any part thereof;

f.      removing, transferring, or encumbering or otherwise disposing of the Collateral Records.

Defendants are hereby notified of the right to apply to the Court for modification or dissolution on two (2) days' notice pursuant to Rule 65(b)(4).

This Temporary Restraining Order is issued on February 16, 2016 at 10:00 a.m. and, pursuant to Rule 65(b)(2), must expire at 10:00 a.m. on March 1, 2016. Pursuant to Rule 65(b)(2), plaintiff may, upon a showing of good cause, move to extend the Temporary Restraining Order.

Pursuant to Rule 65(c), plaintiff is required to post a bond with the court in the amount of $5,000 upon issuance of this Order.

Plaintiff's Motion for Preliminary Injunction shall remain as set for March 7,

---

3

**TEMPORARY RESTRAINING ORDER**

2016 at 1:30 PM, with the briefing schedule set by the Court as follows: 1) plaintiff's supplemental motion or additional declarations in support of the existing motion shall be filed no later than February 18, 2016, and 2) all defendants' briefs, declarations, affidavits, memorandum of points and authorities, or other materials in response to said motion shall be filed no later than March 1, 2016.

IT IS SO ORDERED.

Dated:  February 16, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

**TEMPORARY RESTRAINING ORDER**